UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
Issayas Gebrezghi,

                    Petitioner,

        -against-

Brian Acuna,

                    Respondent.
------------------------------------------------------------------X

**ORDER**
26-CV-03524 (DG)

DIANE GUJARATI, United States District Judge:

On June 12, 2026, Petitioner Issayas Gebrezghi, proceeding *pro se*, filed a "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241." *See* Petition ("Pet."), ECF No. 1. Petitioner also filed a document styled "[Proposed] Order to Show Cause." *See* ECF No. 2. The Petition identifies Petitioner's "[p]lace of confinement" as Pine Prairie ICE Processing Center in Pine Prairie, Louisiana, which is within the Western District of Louisiana. *See* Pet. at 1; 28 U.S.C. § 98(c). The filing at ECF No. 2 represents that Petitioner has been detained in Pine Prairie ICE Processing Center in Pine Prairie, Louisiana "for more than nine (9) months." *See* ECF No. 2 at 2-3.[1]

---

[1] The filing date for the Petition that is reflected on the docket is June 12, 2026 but Petitioner represents that he placed the Petition "in the prison mail system" on June 9, 2026. *See* Pet. at 8. Whether the filing date is deemed to be June 9, 2026 or June 12, 2026 is not material to the Court's decision herein in light of the fact that Petitioner appears to have been detained in Pine Prairie, Louisiana on both dates.

The Petition names as Respondent "Brian Acuna" and the filing at ECF No. 2 names as Respondents "Mellissa Harper, Field Office Director, New Orleans Field Office, United States Immigration and Customs Enforcement," "Todd M. Lyons, Acting Director, United States Immigration and Customs Enforcement," "Markwayne Mullin, Secretary, United States Department of Homeland Security," and "Brian Patterson[,] Warden of Immigration Detention Facility." *See* Pet. at 1; ECF No. 2 at 1.

When citing to Petitioner's filings, the Court uses the ECF-generated pagination.

By Order dated June 12, 2026, the Court directed the parties to file a joint letter setting forth the parties' positions on whether this action should be transferred to the United States District Court for the Western District of Louisiana or dismissed without prejudice. *See* June 12, 2026 Order (citing, *inter alia*, *Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004); *Ozturk v. Hyde*, 136 F.4th 382, 390-92 (2d Cir. 2025); and 28 U.S.C. § 1631).

On June 22, 2026, Respondents filed a letter in response to the June 12, 2026 Order, together with a Declaration of Dmitry Rousseau, a "Deportation Officer at U.S. Immigration and Customs Enforcement ('ICE') within the U.S. Department of Homeland Security ('DHS')." *See* ECF No. 5 (June 22, 2026 letter); ECF No. 5-1 (Rousseau Declaration). Respondents assert that this action should be transferred to the United States District Court for the Western District of Louisiana because Petitioner was detained at Pine Prairie ICE Processing Center in Pine Prairie, Louisiana when he commenced this action. *See generally* ECF Nos. 5, 5-1.

On June 24, 2026 – in response to the Court's Order of June 23, 2026 – Respondents filed a supplemental letter. *See* ECF No. 6; *see also* June 23, 2026 Order. In the supplemental letter, Respondents represent that a conference call was held between Petitioner and counsel for Respondents on June 23, 2026 and that during that call, "Petitioner confirmed that he is indeed still detained at the Pine Prairie facility and that he has been detained there for almost eleven months;" "Petitioner indicated that he would not agree or consent to transferring his case to the United States District Court for the Western District of Louisiana because he had lived in New York for years and expressed a desire to return to New York;" and "Petitioner also stated that nothing has changed for him while he has been detained in Louisiana and believed that perhaps his current status would change if his case proceeded in New York." *See* ECF No. 6 at 1. Respondents reiterate their position that this action should be transferred to the United States

District Court for the Western District of Louisiana.  *See generally* ECF No. 6.

* * *

Upon consideration of the applicable law and the record before the Court and in light of the fact that it appears to be undisputed that Petitioner was confined in the Western District of Louisiana when the Petition was filed, the Court concludes that the Court lacks jurisdiction here and that the Petition should – in the interest of justice – be transferred to the United States District Court for the Western District of Louisiana.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 443 (2004) (referencing "the general rule that for core habeas petitions challenging present physical confinement, jurisdiction lies in only one district: the district of confinement"); *Ozturk v. Hyde*, 136 F.4th 382, 390-92 (2d Cir. 2025) (referencing *Rumsfeld v. Padilla* and rejecting argument that transfer of petition to District of Vermont, the district in which petitioner was confined at the time of the filing of the petition, was improper); 28 U.S.C. § 1631; 28 U.S.C. § 98(c).

The Clerk of Court is directed to transfer this action to the United States District Court for the Western District of Louisiana and to close this case.

The provision of Local Civil Rule 83.1 requiring a seven-day delay between a transfer order and the effectuation of the transfer is waived.

The Clerk of Court is directed to mail a copy of this Order to Petitioner.

SO ORDERED.

*/s/ Diane Gujarati*
DIANE GUJARATI
United States District Judge

Dated: June 26, 2026
    Brooklyn, New York

3